UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SNEED, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| | ) | Jury Demanded |
| WINSTON HONORE HOLDINGS, | ) | |
| LLC d/b/a ACCURATE SERVE, | ) | |
| KURT SEDERMAN, and PAUL G. | ) | |
| WERSANT, and SEQUOIA | ) | |
| FINANCIAL SOLUTIONS, INC. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Joseph Sneed, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Winston Honore Holdings, LLC d/b/a Accurate Serve, Kurt Sederman, Paul G. Wersant, and Sequoia Financial Solutions, Inc. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 42 U.S.C. 1983, and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of Illinois and because a material portion of the events at issue occurred in this District.

2. Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendants' collection demands were received here, a material portion of the events at issue occurred in this District, and Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Joseph Sneed ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Winston Honore Holdings, LLC ("Winston") is a Florida LLC with offices at 4798 South Florida Ave, Ste 232, Lakeland, FL 33813, that does business as "Accurate Serve".

5. Defendant Paul Wersant ("Wersant") is an attorney licensed to practice in Georgia, who upon information and belief is either an employee or agent of Sequoia Equities Inc. and/or Sequoia Financial Solutions, Inc., and was hired or directed to collect a debt from Plaintiff.

6. Wersant regularly collects and/or attempts to collect defaulted consumer debts from individuals via litigation, US Mail, and telephone, and is thus a debt collector as that term is defined at 15 U.S.C. §1692a(6) of the FDCPA.

7. Defendant Sequoia Financial Solutions, Inc. ("Sequoia Financial") is a corporation incorporated in California, which is its principal place of business.

8. Sequoia Financial regularly collects and/or attempts to collect defaulted consumer debts from individuals via litigation, US Mail, and telephone, and is thus a debt collector as that term is defined at 15 U.S.C. §1692a(6) of the FDCPA.

9. Defendant Winston Honore Holdings, LLC d/b/a Accurate Serve ("Winston") is a process server and investigative agency that also acts debt collector as defined by the FDCPA, 15 U.S.C § 1692a, which does business within this District.

10. Defendant, Kurt Sederman ("Sederman") is an agent and/or employee of Winston working as a debt collector defined by the FDCPA, 15 U.S.C. § 1692a.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff incurred a consumer mortgage obligation for his personal residence that was assigned to Sequoia after default. Plaintiff thus incurred a debt ("alleged debt") as that term is understood under § 1692a (5).

12. Due to financial difficulties, Plaintiff could not afford to pay the alleged debt, and it thereafter went into default.

13. According to Sequoia, it purchased the debt after default.

14. Sequoia thereafter placed the alleged debt with Wersant for the purpose of collection from the Plaintiff.

15. On August 29, 2014, Sequoia filed suit via Wersant in diversity for foreclosure and related relief against Illinois Department of Revenue, and amended on September 3, 2014 as a matter of right to join Plaintiff. The suit was titled *Sequoia Financial Solutions, Inc. v. Joseph Sneed, et al*, under Case No. 14cv6688 in the United States District Court in the Northern District of Illinois ("Foreclosure Action").

16. Sequoia and Wersant thereafter hired Winston and Sederman to support efforts to collect the alleged debt from Plaintiff.

17. On or around September 12, 2014, Sederman and Winston, via Wersant, executed and filed with the Court a false Return of Service ("Return"). In the Return, Sederman and Wersant falsely claimed that Sederman made substitute service on Plaintiff.

18. Sederman and/or Winston assert that they mailed a copy of the Foreclosure Action Complaint to Plaintiff thereafter.

19. The Return states that Sederman served the Summons and Foreclosure Action Complaint on Annie Sneed, Plaintiff's mother, at Plaintiff's usual place of abode.

20. Defendant did not, however, serve Plaintiff or any member of his residence on September 12, 2014.

21. The Return was thereafter filed on October 7, 2014 and presented to the Court so that Plaintiff would be induced to believe that service was proper. Moreover, further false returns were filed thereafter in an attempt to amend defects in the original Return. ("Returns").

22. A default judgment was entered against Plaintiff in the Foreclosure Action on January 13, 2015, as the result of the false testimony Defendants provided to the Court regarding service of process upon the Plaintiff.

23. Defendants conspired to deprive Plaintiff of equal protection of the law, namely to deprive her of her due process right to proper notice of the lawsuit.

24. Defendants did not serve Plaintiff's mother Annie Sneed with a copy of an alias summons and amended complaint filed in the Foreclosure Action.

25. Sederman and Wersant, on behalf of the other Defendants, made false statements in an attempt to enforce collection of a consumer debt.

26. Sederman and Winston were not serving or attempting to serve legal process when they filed a Return containing materially false statements for the purpose of collecting the alleged debt by obtaining a judgment against Plaintiff.

27. Rather, Defendants made false sworn written statements, and filed and presented said statements in court to induce Plaintiff to believe that service had been

effected, and that personal jurisdiction had been obtained over Plaintiff—all in order to attempt to enforce and collect an alleged consumer debt from Plaintiff.

28. In March, 2015, Plaintiff hired an attorney to advise him of his options after he received a postcard advertisement, on February 27, 2015, from a private attorney informing him that his home was scheduled to be sold on March 13, 2015.

29. In March 2015, Plaintiff's attorney informed him, after researching the docket, that Defendants had executed and filed the Return that indicates that Annie Sneed was served on September 12, 2014, and that a default had been entered.

30. Plaintiff was shocked to hear that a he had been defaulted and hired counsel to file a Motion to Quash.

31. On March 29, 2015, Plaintiff's counsel filed a Motion to Quash Service in the Foreclosure Action.

32. On October 6, 2015, after extensive briefing and an evidentiary hearing, Plaintiff's Motion was granted, service was quashed and the judgment was vacated.

33. Sederman, on behalf of the other Defendants, made false statements in an attempt to enforce collection of a consumer debt.

34. Defendants made false sworn written statements, and filed and presented said statements in court to induce Plaintiff to believe that service had been effected, and that personal jurisdiction had been obtained over Plaintiff—all in order to attempt to enforce and collect an alleged consumer debt from Plaintiff.

35. As a debt collector, Sequoia and Wersant may each be held vicariously liable for Sederman and Winston's collection activity. (See *Fox v. Citicorp Credit*

*Services, Inc.*, 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000)).

36. As a debt collector, Sequoia may be held vicariously liable for Wersant's collection activity.

37. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-ALL DEFENDANTS

38. Plaintiff realleges and incorporates paragraphs 1-37 into this count.

39. Defendants acted as debt collectors, as defined by the FDCPA, with respect to Plaintiff.

40. Defendants Sederman and Winston regularly attempt to collect debts by assisting debt collection lawyers, like Wersant, in debt collection litigation.

41. Under 15 U.S.C. § 1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector, but the language of § 1692a(6)(D) extends the exemption to a person only "while serving or attempting to serve legal process." See *Spiegel v. Judicial Attorney Servs., Inc.*, 2011 WL 382809 (N.D. Ill. Feb.1 2011; *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs.*, 582 F. Supp. 2d 82 (D. Mass. 2008); and *Flamm v. Sarner & Assocs.*, P.C., 2002 U.S. Dist. LEXIS 22255 (E.D. Penn. 2002);

42. Defendants Winston and Sederman were not serving or attempting to serve "legal process" but rather were engaged in the act of assisting with the drafting,

preparation and filing of a false affidavit of service by providing false testimony to aid in collection of the consumer debt against Plaintiff, and to have Plaintiff believe that collection could in fact legally proceed against him, when it could not so proceed.

43. Defendants Sequoia and Wersant, through Sederman and Winston, made false, deceptive and misleading representations in connection with the collection of a debt, in violation of Section 1692e, by means of the false Return, and those Returns filed thereafter in

44. Plaintiff was damaged as a direct and proximate result of Defendants' conduct in that he incurred financial loss, and suffered, *inter alia*, emotional distress, lost time, worry, aggravation, restlessness, nervousness, and inconvenience.

45. At all times relevant hereto, all actions taken by Sederman and Winston as to Plaintiff were authorized, directed, and/or ratified by Wersant and Sequoia.

46. At all times herein mentioned, Defendants are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

47. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

WHEREFORE, Plaintiff, Joseph Sneed, asks that the Court enter judgment in their favor and against Defendants Sequoia, Winston, Wersant, and Sederman as follows:

(A) Statutory damages pursuant to the FDCPA, 15 U.S.C. §1692(k)(a)(2);

(B) Actual Damages pursuant to the FDCPA, 15 U.S.C. §1692(k)(a)(1) ;

(C) Reasonable attorney's fees and costs; and

(D) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT II-ABUSE OF PROCESS—ALL DEFENDANTS

48. Plaintiff realleges and incorporates paragraphs 1-47 into this Count.

49. Defendants used legal process that was not proper in the regular prosecution of the proceedings—namely using false returns of service in court with existence of an ulterior purpose or wrongful motive—namely to enforce collection of a debt without proper notice and due process.

50. Defendants' abuse of process caused damages to Plaintiff including financial loss, and Plaintiff suffered, *inter alia*, suffered, inter alia, emotional distress, lost time, worry, embarrassment, aggravation, restlessness, depression, nervousness, and inconvenience.

WHEREFORE, Plaintiff, Joseph Sneed, asks that the Court enter judgment in her favor and against Defendants Sequoia, Winston, Wersant, and Sederman as follows:

(A) Actual damages;

(B) Punitive Damages;

(C) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT III-VIOLATION OF ILLINOIS CONSUMER FRAUD ACT-DEFENDANTS SEQUOIA, WINSTON AND SEDERMAN

51. Plaintiff realleges and incorporates paragraphs 1-50 into this Count.

52. 815 ILCS 505/1 et. seq, prohibits unfair and deceptive practices committed in the course of trade and commerce in Illinois.

53. Defendants engaged in the course of trade and commerce when they provided the false Returns against Plaintiff, to induce Plaintiff to believe he was properly served at a time that no service had been obtained over Plaintiff.

54. Defendants Winston and Sederman are engaged in the distribution of services that directly and indirectly affect the people of Illinois, namely services related to serving process.

55. Defendants Winston and Sederman committed a deceptive act or practice when they provided false Returns that misrepresented that members of Plaintiff's household were served with a copy of the alias summons and complaint in the Foreclosure Action, to induce Plaintiff to believe she was properly served at a time that no service had been obtained over Plaintiff.

56. Defendants committed a deceptive act or practice when Sederman testified in serial Returns of Service that he served Plaintiff via substitute service.

57. Defendant did not serve Plaintiff, or any member of his household, with process on September 12, 2014.

58. Defendants intended that Plaintiff would rely on the deception, and intended that he would be led to believe that since they sent a copy of the Foreclosure Action via mail, and since the default judgment order was entered, that Sequoia had obtained jurisdiction against Plaintiff, and had a right to obtain judgment against Plaintiff.

59. Plaintiff suffered actual damages as a proximate result of Defendants' conduct in that Plaintiff incurred financial loss by having to hire an attorney to vacate the void judgment that had been entered, and lost time due to Defendants' actions.

60. Defendants' conduct also constituted an unfair practice.

61. Defendants' conduct offends public policy.

62. Defendants' practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the Constitution, statute and the common law.

63. Defendants' act of providing a false Return of service offends the public policy of the constitutional guarantee of the due process right to notice and an opportunity to be heard.

64. Defendants' act of providing false testimony offends public policy as established by § 720 ILCS 5/32-2 Perjury statute.

65. Defendants' act of providing false witness is unethical act by person who is a process server.

66. Defendants' act of sewer service is oppressive, unscrupulous and causes substantial injury to consumers.

67. Sewer service has long been recognized as harmful unlawful practice. See *Scarver v. Allen*, 457 F.2d 308, fn. 1 (7th Cir. 1972); *United States v. City of Philadelphia*, 644 F.2d 187 (3rd Cir. 1981); *Blouin v. Dembitz*, 489 F.2d 488 (2nd Cir. 1973); See *United States v. Wiseman*, 445 F.2d 792, 796 (2nd Cir.), cert. denied, 404 U.S. 967, 30 L. Ed. 2d 287, 92 S. Ct. 346 (1971); *United States v. Brand Jewelers, Inc.*, 318 F. Supp.1293 (S.D. N.Y. 1970).

68. At all times herein mentioned, Defendants, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

69. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

WHEREFORE, Plaintiff, Joseph Sneed, asks that the Court enter judgment in their favor and against Defendants Sequoia, Winston, Wersant, and Sederman as follows:

(A) Actual damages;

(B) Punitive Damages;

(C) Reasonable attorney's fees and costs; and

(D) Any other relief that this Court deems appropriate and just under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312-726-6160
fax 312-698-5054
mario.kasalo@kasalolaw.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.