# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH SNEED, | )<br>) |
| Plaintiff, | )<br>) |
| | ) 16 C 2564 |
| v. | )<br>) Judge Charles P. Kocoras |
| WINSTON HONORE HOLDINGS, LLC d/b/a ACCURATE SERVE, KURT SEDERMAN, PAUL G. WERSANT, and SEQUOIA FINANCIAL SOLUTIONS, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Now before the Court are three motions to dismiss Plaintiff Joseph Sneed's ("Sneed") complaint: (i) pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6) by Defendant Paul Wersant ("Wersant"); (ii) pursuant to Federal Rule of Civil Procedure 12(b)(6) by Sequoia Financial Solutions, Inc. ("Sequoia"); and (iii) pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Kent Sederman ("Sederman"). For the following reasons, the Court grants in part and denies in part Defendants' motions.

## BACKGROUND

For purposes of the instant motions, the following well-pleaded allegations derived from Sneed's complaint are accepted as true. The Court draws all reasonable inferences in favor of Sneed. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Sequoia, by and through its attorney, Wersant, filed a foreclosure action against Sneed. *See Sequoia Financial Solutions, Inc. v. Joseph Sneed, et al*, Case No. 14-cv-6688. Sequoia and Wersant thereafter hired Winston Honore Holdings, LLC d/b/a Accurate Serve ("Winston") and Sederman to serve process on Sneed. According to Sneed's complaint, on "or around September 12, 2014, Sederman and Winston, via Wersant, executed and filed with the Court a false Return of Service ('the Return')."

In the Return, Sederman and Wersant falsely claimed that Sederman executed substitute service on Sneed by serving his mother Annie Sneed at the home that they both share. However, Sneed asserts that no member of his family was served by Defendants. Sneed also alleges that other "false returns were filed thereafter in an attempt to amend defects in the original Return." This Court entered a default judgment against Sneed in the foreclosure matter on January 13, 2015.

Sneed further alleges that Defendants "conspired to deprive [him] of equal protection of the law, namely to deprive [him] of [his] due process right

to proper notice of the lawsuit." Sneed claims that he did not learn about the foreclosure action against him until February 27, 2015 when he received a "postcard advertisement . . . from a private attorney informing him that his home was scheduled to be sold on March 13, 2015." Thereafter, Sneed hired an attorney in March 2015. Sneed alleges that it was not until after he consulted with his attorney that he became aware that "Defendants had executed and filed the Return [indicating] Annie Sneed [was] served on September 12, 2014, and that a default had been entered." On March 29, 2015, Sneed's counsel filed a motion to quash service in the foreclosure matter. We granted the motion to quash on October 6, 2015. In bringing the current action, Sneed alleges that "Defendants made false sworn written statements, and filed and presented said statements in court to induce [Sneed] to believe that service had been effected, and that personal jurisdiction had been obtained over [Sneed]—all in order to attempt to enforce and collect an alleged consumer debt from [Sneed]." Accordingly, Sneed brings this suit alleging a violation of the Fair Debt Collection Practices Act (the "FDCPA") against all Defendants (Count I); abuse of process claims against all Defendants (Count II); and violations of the Illinois Consumer Fraud Act ("ICFA") against Sequoia, Winston, and Sederman (Count III).

## LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)

Rule 4(e) allows service to be made in one of three ways. First, a defendant can be personally given a copy of the complaint and summons. Fed. R. Civ. P. 4(e)(2); 735 ILCS 5/2-203(a)(1). Second, copies can be left at the defendant's abode with a person of suitable age and discretion. Fed. R. Civ. P. 4(e)(2). Third, if the defendant has an agent who is authorized by the defendant or by operation of law to receive service of process on the defendant's behalf, the complaint and summons can be personally given to that agent. *Id*. An agency of this kind does not typically arise through implication and is "intended to cover the situation where an individual actually appoints an agent for that purpose." *Schultz v. Schultz*, 436 F.2d 635, 637 (7th Cir. 1971). When a defendant challenges the sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate that service was proper. *Robinson Engr. Co. v. Pension Plan & Trust*, 223 F.3d 445, 453 (7th Cir. 2000).

### B. Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)

When considering a 12(b)(6) motion to dismiss, a court evaluates the legal sufficiency of a plaintiff's complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, a plaintiff need only provide a "short and plain statement" under Rule 8(a)(2); the particulars of the claim are not required. *Midwest Gas Servs. v. Ind. Gas.*

*Co.*, 317 F.3d 703, 710 (7th Cir. 2002). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action. *Doherty v. City of Chi*, 75 F.3d 318, 326 (7th Cir. 1996).

## DISCUSSION

### A. Wersant's 12(b)(5) Motion

We first consider whether Wersant was properly served. Sneed claims that he served Wersant by delivering the complaint and summons to Michelle Stimmel ("Stimmel"), a receptionist in Wersant's office. Wersant argues that Stimmel is not an "agent authorized to accept service." Since Wersant has challenged the sufficiency of service, the burden is on Sneed to affirmatively demonstrate that service was proper. *Robinson*, 223 F.3d at 453.

"An authorized agency does not arise through implication, rather it is intended to involve only actual, explicit authorization." *Chico v. Miller*, 2005 WL 2664586, at *4 (N.D. Ill. Oct. 19, 2005); *see Schultz v. Schultz*, 436 F.2d 635, 637 (7th Cir. 1971). Sneed does not claim that Stimmel is Wersant's authorized agent. Instead, he simply alleges that Stimmel is employed as a "receptionist and administrative assistant" at the building where Wersant leases office space. Because Stimmel is not Wersant's authorized agent, she cannot accept service of process on his behalf. Therefore, Sneed's service on Wersant is invalid. Since Sneed has not served Wersant through personal service, abode service, or an authorized agent, service on Wersant has not been perfected.

In response, Sneed requests that the Court provide him with leave to serve Wersant should we find that service was improper. The Seventh Circuit has long recognized that courts have discretion under Rule 4(m) to either "dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *see Henderson v. United States*, 517 U.S. 654, (1996) (the Court recognized that in the 1993 amendments to the rules, courts have been accorded discretion to enlarge the 120-day period "even if there is no good cause shown"). In the interest of justice, this Court grants Sneed an additional 30 days from the date of this Order to serve Wersant.

### B. Count I – FDCPA Violation (All Defendants)

Under 15 U.S.C. § 1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt does not constitute a "debt collector." However, § 1692a(6)(D) extends the exemption to a person only "while serving or attempting to serve legal process." *See Spiegel v. Judicial Attorney Servs., Inc.*, 2011 WL 382809 (N.D. Ill. Feb. 1 2011). "[C]ourts have held that the [process server] exemption does not apply where process servers have engaged in coercive, abusive, or harassing activities." *Id.* In these cases, "the process server 'steps beyond the bounds of the official duties inherent in serving

6

process and takes on a secondary role of debt collector as defined within the statute.'" *Id.* (citation omitted).

Sneed contends that Defendants Winston and Sederman were not serving or attempting to serve "legal process." Instead, he claims that they were engaged in the act of assisting with the drafting, preparation, and filing of a false affidavit of service by providing false testimony to aid in the collection of the consumer debt against Sneed. Sneed further alleges that Sequoia and Wersant, through Sederman and Winston, made false, deceptive, and misleading representations in connection with the collection of a debt, in violation of Section 1692e, by means of the false Return, and those Returns filed thereafter. This Court finds all of the arguments raised by Defendants unpersuasive.

Sequoia and Wersant present four reasons for granting their motions to dismiss regarding Count I. First, they claim that Sneed lacks standing to bring claims held by Kasalo, citing *Todd v. Franklin*, WL 6140863, at *3 (N.D. Ill. 2011) *aff'd*, 694 F.3d 849, 850 (7th Cir. 2012). However, *Todd* is distinguishable. In that case, the Court ruled that the assignment was invalid because plaintiff was "using it to engage in the unauthorized practice of law." *Id.* at 851. The Court further noted that "Illinois public policy forbids the assignment of legal claims to non-attorneys in order to litigate without a license." *Id.*; *see King v. First Capital Fin. Servs. Corp.*, 215 Ill.2d 1, 293

(2005). Here, Kasalo is an attorney licensed to practice in Illinois. Additionally, the Seventh Circuit has recognized that a lawyer has the right to enter into a written contract with his client "in which the client assigns his statutory right to attorney's fees to the lawyer." *Zeisler v. Neese*, 24 F.3d 1000, 1002 (7th Cir. 1994). Sneed and Kasalo have done just that. Therefore, this Court finds no issue with the contract entered into between the two of them.

Second, Sequoia and Wersant claim that Sneed's FDCPA claims are "barred by the statute of limitations." Defendants cite 15 U.S.C. § 1692k(d), which states that an FDCPA claim must be brought "within one year from the date on which the violation occurs." According to Defendants, "the statute of limitations on the alleged FDCPA violations commenced . . . 10/7/14." However, they claim that "Sneed . . . did not file this suit until 2/24/16: nearly four months after expiration of the statute of limitations." In response, Sneed contends that he was unaware of the injury, the false Return, until March 2015 after learning about the foreclosure case from a "postcard advertisement" on February 27, 2015. To overcome this four month delay, Sneed asks the Court to apply the discovery rule.

Under the discovery rule, the beginning of the statute of limitations period for filing a suit is changed from "the date when the plaintiff is wronged to the date when he discovers he has been injured." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The discovery rule can be "read into

8

statutes of limitations in federal-question cases in the absence of a contrary directive from Congress." *Id*. The discovery rule applies to FDCPA claims. *Johnson-Morris v. Santander Consumer USA, Inc.*, No. 16 C 1456, 2016 WL 3671468, at *4 (N.D. Ill. July 11, 2016). *See Greenfield v. Kluever & Platt, LLC*, 2010 WL 604830, at *2 (N.D. Ill. Feb. 16, 2010); *Stone v. Wash. Mut. Bank*, 2011 WL 3678838, at *8 (N.D. Ill. Aug. 19, 2011). Here, Sneed contends that he did not find out about the Return until March 2015. Since Sneed has alleged facts that, if proven, would establish a defense to Defendants' statute of limitations argument, this Court denies Defendants' motions to dismiss on this claim.

Third, Wersant and Sequoia claim that the FDCPA is inapplicable to them. Under 15 U.S.C. § 1692a(6), a creditor who is collecting, or attempting to collect, his own debt is excluded from the definition of "debt collector." Wersant and Sequoia claim that they own the note and mortgage, and therefore, they cannot be debt collectors. *Kegley v. Miles*, WL 370251, at *2 (N.D. Ill. 1992) (lessor seeking to collect debts and unpaid rents on its own behalf is not a "debt collector" as defined in the FDCPA). Further, Sequoia asserts that it was established at the May 26, 2016 status hearing that "Sneed defaulted on the note and mortgage after they were assigned to Sequoia." Sneed disagrees. Neither party attached a transcript of the status hearing to their briefs. In the pursuit of clarity and completeness, we reviewed the status hearing

9

proceedings. In open court, Sneed only admitted that he had not paid his mortgage in over two years. At no point did Sneed or Kasalo admit that Sequoia owned the note and mortgage. Sneed alleged "that [Sequoia] obtained the debt after default." Since there is a material disagreement of fact regarding when Sequoia obtained the debt, the Court cannot determine at this stage if Sequoia falls under the creditor exemption of the FDCPA. For this reason, we deny Wersant and Sequoia's motions to dismiss under that claim.

Sederman similarly contends that he is not a "debt collector." In his motion to dismiss, Sederman states that "he had no role as a debt collector as defined by" 15 U.S.C. § 1692a(6)(D). Instead, Sederman claims that he was merely acting as a process server. However, "courts have held that the [process server] exemption does not apply where process servers have engaged in coercive, abusive, or harassing activities." *Spiegel*, WL 5014116, at *1. Sederman contends that he did not "engage in 'coercive, abusive or harassing activities,'" and is thus covered by the process server exemption. However, Sneed alleges multiple times in the complaint that Sederman prepared and submitted a false affidavit of service and provided false testimony to aid in the collection of a debt against him. The details at issue are ultimately a question of fact which we do not decide on the current motion.

Lastly, Wersant and Sequoia proclaim that the damages sought under Count I are invalid. Sneed claims that this argument lacks a

"legal basis" to support a 12(b)(6) dismissal. We agree. The FDCPA provides that a debt collector who fails to comply with the FDCPA is liable:

> in an amount equal to the sum of: (1) any actual damages sustained by such person as a result of such failure; (2) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(1-3). Courts have found that actual damages can include emotional distress. *See Clodfelter v. United Processing, Inc.*, No. 08-CV-2131, 2008 WL 4225557, at *5 (C.D. Ill. Sept. 12, 2008). Sneed has sufficiently pled a cause of action and damages with respect to Count I.

### C. Count II – Abuse of Process (All Defendants)

Abuse of process is defined as the use of the legal process to accomplish a purpose for which it was not designed. *See, e.g., West v. West*, 694 F.3d 904, 906 (7th Cir. 2012). The elements necessary to plead abuse of process are: (i) the existence of an ulterior purpose or motive in bringing the suit; and (ii) an act in the use of legal process not proper in the regular prosecution of the proceedings. *Holiday Magic, Inc. v. Scott*, 282 N.E.2d 452, 455 (Ill. App. Ct. 1972). To satisfy the first element, Sneed must plead facts that show Defendants instituted proceedings against him for an improper purpose, such as extortion, intimidation, or embarrassment. *Neurosurgery & Spine Surgery,*

*S.C. v. Goldman*, 339 Ill. App. 3d 183, (2003). In order to satisfy the second element, Sneed must show that the process was used to accomplish some result that is beyond the purview of the process. *Id*. The elements are strictly construed because the tort of abuse of process is not favored under Illinois law. *Id*. Sneed alleges that Sequoia's ulterior purpose consisted of "collection of a debt without proper notice and due process." This claim fails to meet the heightened pleading requirements for abuse of process explained above. Sneed has not provided sufficient allegations that Defendants sought to use the legal process for a purpose other than that for which the process was designed. Sequoia filed a foreclosure action on a property that it claims it has title to, and to recover on a debt that it believes it is owed. Since Sneed has not alleged that Defendants filed the action to extort, intimidate, or embarrass him, this Court dismisses Count II against all Defendants.

### D. Count III – Sequoia, Wersant, and Winston

The ICFA is intended to protect consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices. *Scott v. Ass'n for Childbirth at Home, Int'l*, 88 Ill.2d 279, 288, (1981). The Act is to be liberally construed to effectuate its purpose. *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 503 (1996). The elements of a claim under the ICFA are: (i) a deceptive act or practice by the defendant; (ii) the defendant's intent that the plaintiff rely on the deception; and (iii) that the deception occurred in the

course of conduct involving trade or commerce. *Id.* at 501. The plaintiff need not establish any intent to deceive on the part of the defendant because even an innocent misrepresentation may be actionable under the ICFA. *Smith v. Prime Cable*, 276 Ill. App. 3d 843, 856, (1995).

Here, Sneed is alleging that Defendants engaged in a deceptive act when they "provided false Returns that misrepresented that members of [Sneed's] household were served . . . in the Foreclosure Action." Additionally, Sneed claims that Sederman engaged in a deceptive act when he "testified in serial Returns that he served [Sneed] via substitute service." Sneed also alleges that these deceptive acts were done to make Sneed believe that "Sequoia had obtained jurisdiction against [Sneed], and had a right to obtain judgment against" him. Lastly, Sneed contends that the deception involved "trade or commerce" since Defendants' businesses engage in activities covered under the definition of trade or commerce.

Sederman claims that the "act of serving process is not 'trade' or 'commerce' under 815 ILCS 505/1." Under the ICFA, trade and commerce are defined as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of [Illinois]." *Id.* Sederman argues that, he "did not advertise, offer for sale or

distribute anything in trade or commerce." However, Sneed claims Sequoia "hired Winston and Sederman to support efforts to collect [Sneed's] alleged debt." Sneed contends that Winston and Sederman offered their services for sale and Sequoia purchased them.

In the alternative, Sederman claims that even if his services were purchased by Sequoia, he was engaged in "the practice of law," and therefore not subject to the ICFA. We disagree. In *Cripe v. Leiter*, the Illinois Supreme Court found that attorney billing practices are not subject to the ICFA. 184 Ill. 2d 185, 100 195 (1998). Similarly, in *Shalabi v. Huntington National Bank*, the court found that plaintiff's suit against a law firm for improper charges was not allowed under the ICFA. 2001 WL 777055, at *2 (N.D. Ill. July 11, 2001). Both cases turned on the fact that it is the duty of the Illinois Supreme Court, not the Illinois legislature, to regulate attorney conduct. In the instant matter, Sederman is not an attorney, he is a process server. For that reason, Sederman cannot claim that he is entitled to the same outcome as the two cases that he cites in his defense. Therefore, Sederman's motion to dismiss Count III is denied.

This Court also denies Sequoia's motion to dismiss. Under the ICFA, a defendant may be held liable for the actions of its attorney or agent. *See* 815 ILCS 505/1(c). Consistent with the statutory text, courts have held that traditional agency liability applies in ICFA suits. *See Golden v. Barenborg*, 53

F. 3d 866, 871 (7th Cir. 1995); *Williams Elecs. Games, Inc. v. Barry*, 42 F. Supp. 2d 785, 797 (N.D. Ill. 1999), *aff'd sub nom*, *see Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569 (7th Cir. 2004). Taking the allegations set forth in Sneed's complaint as true, this Court finds Sneed has sufficiently alleged that Sequoia can be liable for Wersant's role in filing the allegedly false return.

## **CONCLUSION**

For the aforementioned reasons, Defendants' motions to dismiss are granted in part and denied in part, as follows: Count II is dismissed in its entirety against all Defendants. All other motions are denied. Sneed has 30 days from the date of this Order to serve Wersant, or claims against him will be dismissed. It is so ordered.

Dated: 2/3 /2017

_____
Charles P. Kocoras
United States District Judge